Filed 10/16/25  P. v. Li CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ELIAS SUCCAR LI,<br><br>        Defendant and Appellant. | A172419<br><br>(Sonoma County<br>Super. Ct. No. SCR-762688-1) |

Elias Succar Li (appellant) appeals from a judgment following his guilty plea to two charges arising from an attack on his ex-girlfriend. Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.  We have reviewed the record, find no arguable issues, and affirm the judgment.

1

BACKGROUND

In May 2023, appellant was charged by complaint with 10 offenses, including assault with intent to commit rape during a burglary (Pen. Code, § 220, subd. (b)),[1] and forcible rape with a deadly weapon (§§ 261, subd. (a)(2), 12022, subd. (b)(1)). According to the probation report, appellant entered his ex-girlfriend's residence through an unlocked door, "poked" her in the leg several times with a kitchen knife, and forcibly had sex with her against her will.

In June 2024, appellant pled guilty to the counts of assault with intent to rape and forcible rape with a deadly weapon, admitted an enhancement allegation, and stipulated that the court could consider certain aggravating factors. The plea agreement provided that the remainder of the charges and enhancements would be dismissed, and that appellant would receive a stipulated sentence of nine years plus an additional term of seven years to life imprisonment.

In August 2024, the court granted defense counsel's motion to withdraw, and appointed new counsel.

In September 2024, appellant's new counsel filed a motion to withdraw his guilty plea on the ground that it was not freely and voluntarily entered into. At the evidentiary hearing on the motion to withdraw, appellant testified through an interpreter that on the day of the plea, he "was in shock" after hearing the offer and "didn't understand anything that he [counsel] was telling me," even though an interpreter was assisting. He testified he only spoke with his attorney about the offer for five or ten minutes, his attorney "was the one who made the decision for me," and appellant only initialed the

---

[1] All undesignated statutory references are to the Penal Code.

form and answered affirmatively to the court's questions because his attorney told him to do so.

Appellant's former counsel testified that he discussed the plea offer with appellant for more than an hour, using an interpreter. Counsel went over the plea form with appellant, advised him of the constitutional rights he was giving up, and reviewed the consequences of the plea. Counsel did not tell appellant how to answer the court's questions during the plea hearing. Appellant did not appear confused and did not report any problems understanding the interpreter. The trial court denied appellant's motion to withdraw the plea.

In December 2024, appellant was sentenced consistent with the plea agreement. Fines and fees were imposed, restitution was ordered, and custody credits awarded.

Appellant filed a notice of appeal requesting a certificate of probable cause stating, "Defendant was not advised of length of parole." The trial court did not rule on the request.

DISCUSSION

Appellant was adequately represented by legal counsel throughout the proceedings and certified interpreters were present to assist him. Appellant completed a plea form that described the constitutional rights he was waiving, and the trial court found appellant freely and intelligently waived those rights.

Appellant did not seek a writ of mandate challenging the trial court's failure to issue a certificate of probable cause. (*People v. Johnson* (2009) 47 Cal.4th 668, 676 ["If the trial court wrongfully refuses to issue a certificate, the defendant may seek a writ of mandate from the appellate court"]; see also

*id.* at p. 679 ["A defendant must obtain a certificate of probable cause in order to appeal from the denial of a motion to withdraw a guilty plea"].)

The sentence was consistent with the plea agreement.  The fines and fees were proper.

DISPOSITION

The judgment is affirmed.

SIMONS, J.

We concur.

JACKSON, P. J.
CHOU, J.

(A172419)